# CAMPBELL v. DISTRICT OF COLUMBIA.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA

Argued April 1, 2, 1886.—Decided April 12, 1886.

O & H, partners, contracted with the District of Columbia to put down a water main. They notified the agent of the District that they authorized C to perform the work and receive the money, and the agent accepted the arrangement. C performed the work, and receipted from time to time for payments on the contract. On a suit in his own name for extra work: *Held*, That he was bound by the terms of the contract in that respect, and by receipts given in accordance therewith.

Assumpsit to recover for work and labor done and materials furnished on the construction of a water main in Georgetown in the District of Columbia. The record showed that in July, 1870, the District contracted with O'Hare, Himber & Co. for the construction of the main, by a written contract which provided, among other things, that "No claims for extra work shall be made unless the same shall be done in pursuance of a written order from the engineer." Soon after commencement of the work, a member of the firm of O'Hare, Himber & Co., by their authority, addressed the following letter to the superintendent in charge of the construction on the part of the District:

"WASHINGTON, D. C., *April* 15, 1872.

"General O. E. Babcock, Sup't Washington Aqueduct.

"SIR: I hereby authorize R. G. Campbell to lay the 36 inch water main from the west side of Rock Creek bridge to the public alley east of the market-house on Bridge Street, and all

work pertaining to the same under the contract of O'Hare, Himber & Co., and I will sign all vouchers and hereby authorize the money for the same to be paid to said R. G. Campbell.

"D. E. DAVENPORT.

" Witness:

THEODORE B. SAMO."

With Babcock's consent Campbell completed the work. At the close he made a large claim for extra work, of which the engineer only allowed $1807.90, which was paid him in four payments. On receiving the fourth payment he gave the following receipt:

"WASHINGTON, D. C., *Nov.* 24, 1874.

" District of Columbia to R. G. Campbell, Dr.

" For balance due for extra work on the 36 inch water main, as allowed by the engineer and the act of the Legislative Assembly, being the amount of his claim left unpaid on account of the appropriation having been exhausted, $269.40.

"Original bill as allowed.................... $1807 90
Paid Sept. 29, 1873........... $1000 00
Paid June 3, 1874............ 388 88
Paid July 29, 1874............ 149 62
                                ———— 1538 50

Balance due.................... $269 40

" Received this 7th day of December, 1874, from the Board of Audit their certificate No. 9184 for $269.40, in full settlement of the above stated claim.

"R. G. CAMPBELL."

Campbell then brought this suit in his own name in the Supreme Court of the District, demanding $12,000 for extra work, materials, demurrage, &c., according to a bill of particulars accompanying the declaration. Judgment below for defendant, which was affirmed in General Term. This writ of error was then sued out by plaintiff below.

*Mr. Enoch Totten* for plaintiff in error.

*Mr. A. G. Riddle* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This judgment is affirmed. There was no evidence whatever in the case tending to prove that the work was done by Campbell otherwise than under the contract of O'Hare, Himber & Co. He took the place of that firm in the contract so far as the work he undertook to do was concerned. Davenport, one of its members, authorized him to do the work and receive the pay upon vouchers, which he, Davenport, agreed to sign. It was upon this authority that Campbell entered upon the work with the permission of the chief engineer in charge. In this way he became bound by the terms of the contract. Under these circumstances, his acceptance of the allowance made by the chief engineer for all his present claims for extra work, as "in full settlement of the above stated claim," operated as a complete discharge of the District from all further liability to him on that account. The provision in the act of the legislative assembly of the District, "that this receipt shall not debar the above named persons from any right they may have in any court," clearly applies only to the claim of Robert Strong & Co. As to all others named in the act, "the receipt was to be in full of all claims on account of the said work."

*Affirmed.*