Campbell, Chief Justice,
delivered the opinion of the court:
A contract was made June 26, 1923, between the United States Veterans’ Bureau and George H. Michel and others, partners under the firm name of the Philadelphia Mechanical and Electrical Schools and Shops, of Philadelphia, Pennsylvania, by which the latter agreed to furnish tuition and supplies to persons entitled thereto under the vocational rehabilitation act. The services were rendered and no question is raised as to the amount due the plaintiffs if that contract alone is to be considered. It appears, however, that prior to this contract there had been another one involving the same character of service, in which the contracting party was a corporation of the same name that plaintiffs’ partnership has, and this corporation’s contract was acquired by the plaintiffs in March, 1923, by assignment. By its terms it would expire on June 30, 1923. The services called for by this corporation contract were after the assignment rendered by the plaintiffs and payment was made for these services except a small balance of about $450 yet due. It developed that at the time of the assignment the Government had paid to the corporation a sum of $531.72 in excess of the amount properly due under the terms of the contract, and the question is whether this amount is deductible from the sum otherwise due the plaintiffs, a part of which sum is the small balance above mentioned, about $450.
The plaintiffs are claiming the benefits of the corporation’s contract from the date of its assignment to them until the time of its expiration. When they took it over the corporation had been overpaid, and in a final settlement the corporation would have to answer for this overpayment. The Government could accordingly have withheld the amount out of *997 any moneys accruing or payable to the corporation. The plaintiffs as assignees took the contract subject to the equities existing between the corporation and the Government and growing out of the contract. See Baker v. Wood, 157 U. S. 212-216. They could not acquire greater rights than their assignor had. See Campbell v. Dist. Col., 117 U. S. 615. The Government has not recognized the assignment as releasing the corporation from anything, but has made payments from time to time, at least nominally to the corporation, which the plaintiffs have received besides the small balance above mentioned arising out of services rendered by plaintiffs since the assignment. To the extent of the moneys thus arising out of the corporation’s contract which the plaintiffs have received they stand just where the corporation itself would have stood at the end of the contract period. We think, therefore, the plaintiffs must be held liable for the $531.72, but they will be entitled to receive, in addition to the amount due upon their own contract, the said balance of $450.32. Judgment should be rendered accordingly for the plaintiffs. And it is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.